J-S23022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY JOHNSON | : | |
| | : | |
| Appellant | : | No. 467 EDA 2021 |

Appeal from the PCRA Order Entered February 3, 2021, in the Court of
Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0611401-2003.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED SEPTEMBER 14, 2021**

Gregory Johnson appeals *pro se* from the order denying as untimely his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On October 9, 2003, after a bench trial, Johnson was convicted of possession with intent to deliver a controlled substance.  That same day, the trial court sentenced him to 19 to 38 months of incarceration, to be followed by a one-year probationary term.  Johnson did not file a direct appeal.  He served 38 months in state prison and was released.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 24, 2007, while on probation, Johnson participated in an armed home invasion. On May 9, 2008, a jury convicted him of several crimes, and, on August 28, 2008, the trial court imposed an aggregate sentence of 8½ to 17 years of imprisonment.

On October 23, 2008, the trial court held a probation revocation hearing regarding Johnson's 2003 drug conviction. After the defense stipulated to the violation, the trial court imposed a new sentence of 97 to 194 months of imprisonment. On November 3, 2008, Johnson filed a motion for reconsideration of his sentence, which the trial court denied by order entered November 12, 2008. Johnson did not file a direct appeal.

On August 31, 2009, Johnson filed a timely *pro se* PCRA petition, in which he challenged the legality of his revocation sentence. The PCRA court appointed counsel. On September 24, 2010, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Johnson's petition without a hearing. Johnson did not file a response. By order entered December 20, 2010, the PCRA court denied Johnson's first PCRA petition. Johnson did not file a direct appeal.

On January 12, 2016, Johnson filed a second *pro se* PCRA petition. On March 31, 2016, the PCRA court issued Rule 907 notice of its intent to dismiss Johnson's second petition as untimely filed. Johnson filed a response. On

June 24, 2016, the PCRA court denied Johnson's second petition. He did not file a direct appeal.

On October 16, 2018, Johnson filed the *pro se* PCRA petition at issue, his third. On November 17, 2018, the PCRA issued Rule 907 notice of its intent to dismiss the serial PCRA petition without a hearing. Johnson filed a response. By order entered February 3, 2021, the PCRA court denied Johnson's third PCRA petition as untimely filed. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Johnson raises three issues on appeal, which we quote verbatim:

1. Whether the P.C.R.A. court erred in finding that V.O.P. hearing counsel was not Ineffective for failing to file a direct appeal or even a motion for reconsideration when counsel was requested to do so on the court record by appellant. And for not objecting on the grounds that the court could only resentence appellant upon revocation of Probation to the remaining maximum for a ungraded felony 18 Pa.C.S. §106.

2. Whether the P.C.R.A court erred in finding that the Common Pleas Court of Philadelphia County Pa. Imposed a judgement of sentence of 97 months to 194 months for a violation of 1 year term of probation after a conviction in an unrelated matter was not illegal and excessive under 42 Pa.C.S. §9543(a)(2)(i)(ii)(vii)

3. Whether the P.C.R.A. court erred in finding that Judge Christopher R. Wogan did not interfere with appellant Direct appeal rights when he did not respond to P.C.R.A. counsel repetitious request for V.O.P. Hearing Notes of testimony and not sign a court order for counsel to recover V.O.P. Hearing Notes of testimony that caused denial of counsel.

Johnson's Brief at 3.

Before considering these issues, we must first determine whether the PCRA court correctly determined that his third PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

- 4 -

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Johnson's judgment of sentence became final on December 12, 2008, upon expiration of the thirty-day period for filing an appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Johnson had until December 14, 2009, to file a timely PCRA petition[1]. Because Johnson filed the PCRA petition at issue in 2018, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Johnson has failed to plead and/or prove any exception to the PCRA's time bar. The only exception he referred to in his *pro se* PCRA petition was "governmental interference" in the form of the Judge Wogan's failure to grant PCRA counsel's alleged requests for a copy of the notes of testimony from his violation of probation/sentencing hearing. The "governmental interference" exception requires the petitioner to prove that the "failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

Johnson provides no argument or citation to authority to support his claim, and our review of the record refutes his assertion that PCRA counsel made repeated requests to Judge Wogan for the transcript. The docket entries

---

[1] Because December 12, 2019, fell on a Saturday, the deadline for filing the PCRA petition was extended to the following Monday. ***See*** 1 Pa.C.S.A. § 1908.

reflect that consideration of Johnson's first PCRA petition was continued several times because PCRA counsel had yet to receive the pertinent transcript. It is clear, however, that PCRA counsel had received and reviewed the transcript of the violation of probation sentencing hearing before she filed her **Turner**/**Finley** letter and request to withdraw. Thus, Johnson has not established this time-bar exception.[2]

In sum, our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Johnson's serial PCRA petition because it was untimely, and Johnson had not established a time-bar exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2021

---

[2] In addition to concluding that Johnson failed to meet this exception, the PCRA court also concluded that Johnson's claim that prior counsel's failure to file a direct appeal was a "newly-discovered fact" that he first learned in 2018 was refuted because he conceded a direct appeal was not filed in his 2016 PCRA petition. **See** PCRA Court Opinion, 2/3/21, at 1. Our review of the record supports this conclusion.